IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES | * |
| | * |
| v. | *  Crim. Case No.:  SAG-10-0245 |
| | * |
| ANTHONY GRIFFIN, | * |
| | * |
| Defendant. | * |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION AND ORDER**

On July 13, 2012, United States District Judge J. Frederick Motz sentenced Defendant Anthony Griffin to 168 months of incarceration, to be followed by a period of five (5) years of supervised release. ECF 221. Griffin is currently in the custody of the Bureau of Prisons. On September 12, 2018, Griffin filed *a pro se* Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2). ECF 287 ("the Motion"). The Federal Public Defender's Office entered its appearance in the case, ECF 289, and initially indicated that it would supplement Griffin's motion, but eventually determined, earlier this year, that it would not. In accordance with an Order issued by United States District Judge James K. Bredar on May 11, 2020, ECF 305, the Government filed an opposition to the Motion. ECF 307. The case has now been reassigned to my docket. I have thoroughly reviewed the Motion and opposition, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons that follow, Griffin's Motion will be denied.

I.  **FACTUAL BACKGROUND**

The following facts are derived from Griffin's plea agreement. ECF 197. From November, 2009 through January, 2010, Griffin participated in a conspiracy to distribute cocaine and cocaine base. *Id.* ¶ 9. During a search of Griffin's residence on January 29, 2010, law enforcement officers recovered a small amount of powder cocaine, and a cellular phone which had been the subject of

a wiretap, and which Griffin "had used extensively to facilitate his drug trafficking." *Id.* Griffin agreed that it was foreseeable to him "that between five kilograms of cocaine and fifteen kilograms of cocaine would be distributed in the course of and in furtherance of the conspiracy." *Id.*

On May 12, 2010, a federal grand jury returned a one-count indictment charging Griffin and others with conspiracy to distribute and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846. ECF 1. Pursuant to his written plea agreement, Griffin pled guilty to that Indictment on January 3, 2012. ECF 197; *see* ECF 196 (Griffin's re-arraignment). Griffin agreed that, for purposes of the Sentencing Guidelines, the quantity of cocaine involved in the conspiracy, calculated pursuant to U.S.S.G. § 2D1.1, would place him at an offense level 32, but that if he were found to be a career offender, his offense level, calculated pursuant to the career offender guideline, U.S.S.G. § 4B1.1, would be 37, prior to any reductions for his acceptance of responsibility. ECF 197 ¶ 10. Despite the unresolved issue of Griffin's career offender status, which would ultimately determine his advisory guideline range, the parties agreed to a sentencing range, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), of 168 to 210 months. *Id.* ¶ 13.

At sentencing, Judge Motz found that Griffin's adjusted offense level was 34, representing the career offender offense level of 37, minus three levels for acceptance of responsibility. ECF 222 at 1 (Statement of Reasons). Accordingly, Griffin's advisory guideline range, as calculated by Judge Motz, was 262 to 327 months. *Id.* Nevertheless, Judge Motz agreed to depart from that advisory guideline range in accordance with the binding plea agreement between the parties, and he sentenced Griffin to the low end of the agreed sentencing range, *i.e.*, 168 months. *Id.* That sentence was 94 months lower than the low end of Griffin's advisory guideline range.

On February 9, 2015, Griffin filed *a pro* se motion seeking reduction of his sentence in accordance with 18 U.S.C. § 3582(c)(2).  ECF 264. In that motion, Griffin argued that, "The sentencing range was 168 to 210 and Judge Motz, imposed a sentence of 168 months, which was applicable with the Sentencing Guideline Range." *Id.* at 2.  After considering a response from the Government, which noted that Griffin had been sentenced within an agreed sentencing range that was "not based upon a specified drug quantity guidelines range . . . that has subsequently been lowered," ECF 271 at 2, Judge Motz denied Griffin's motion. ECF 272.

On September 12, 2018, Griffin filed the instant motion, again arguing that he is entitled to a sentence modification pursuant to 18 U.S.C. § 3582(c)(2).  ECF 287.

**II.     LEGAL STANDARDS**

Congress enacted 18 U.S.C. § 3582(c)(2), which provides, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . the court may reduce the term of imprisonment" after considering the factors set forth in 18 U.S.C. § 3553(a). *See generally Koons v. United States*, 138 S. Ct. 1783 (2018).  In 2014, the United States Sentencing Commission enacted Amendment 782, which, in general terms, amended United States Sentencing Guideline § 2D1.1 and "reduced the base offense level for drug offenses by two levels." *United States v. Muldrow,* 844 F.3d 434, 436 (4th Cir. 2016).

In *Hughes v. United States,* 138 S. Ct. 1765 (2018), the Supreme Court held that a defendant who pled guilty pursuant to Rule 11(c)(1)(C) remained eligible to seek relief under 18 U.S.C. § 3582(c)(2) if the defendant's guideline range was "part of the framework the district court relied on in imposing the sentence or accepting the agreement" between the parties. *Id.* at 1775.

## III.  ANALYSIS

Griffin's instant motion, like his earlier § 3582(c)(2) motion, relies upon his apparent misunderstanding regarding his advisory guideline range.  In the instant motion, Griffin again contends that his "guideline range was determined to be 168-210 months." ECF 287 at 3.  In reality, that was the range of possible sentences that the parties agreed upon, and presented to Judge Motz for consideration, pursuant to Rule 11(c)(1)(C).  Griffin's actual guideline range, as calculated by Judge Motz and set forth in the statement of reasons attached to his judgment, was 262-327 months. ECF 222 at 1.  Accordingly, *Hughes* provides Griffin no basis for relief.

In *Koons*, the petitioners argued that all sentences are "based on" the relevant Sentencing Guidelines range because the Guidelines serve as "the starting point for every sentencing calculation in the federal system." 138 S. Ct. at 1789 (quoting *Peugh v. United States*, 569 U.S. 530, 542 (2013)). However, the Court rejected this interpretation and explained,

> [I]t does not follow that any sentence subsequently imposed must be regarded as "based on" a Guidelines range. What matters, instead, is the role that the Guidelines range played in the selection of the sentence eventually imposed—not the role that the range played in the initial calculation. And here, while consideration of the ranges may have served as the "starting point" in the sense that the court began by calculating those ranges, the ranges clearly did not form the "foundation" of the sentences ultimately selected.

*Id.* (quoting *Hughes*, 138 S. Ct. at 1775–77).

Here, Griffin's Motion does not even refer to the advisory range calculated from the Sentencing Guidelines. *See* ECF 287 at 3 (referring to 168-210 months instead of 262-327 months). Regardless, Griffin's guideline range cannot be said to be the basis for the framework of the sentence Judge Motz imposed, which was almost eight years lower than the lowest end of his advisory guideline range.  In essence, Judge Motz departed drastically from the guideline range, in order to accept the much more defendant-favorable agreement between the parties. Indeed, in

the Statement of Reasons, Judge Motz explicitly checked that the Court had departed from the sentencing guidelines because of a binding plea agreement reached by the parties. Accordingly, any subsequent reduction to the guideline range, including amendment 782 which reduced the base offense level by two levels for most drug offenses, would not have affected Griffin's already well-below-guidelines sentence.[1]

Finally, Griffin's instant motion is also barred on procedural grounds. The Fourth Circuit has determined that the district court, after ruling on a defendant's § 3582(c)(2) motion, "lack[s] authority to consider subsequent relief based on the same Amendment, either by way of a second § 3582 motion or a motion for reconsideration of the initial order." *United States v. Gray,* 670 F. App'x 154, 155 (4th Cir. 2016) (citing *United States v. Goodwyn,* 596 F.3d 233, 236 (4th Cir. 2010) (noting that a district court lacks authority to grant a motion to reconsider a ruling on a § 3582(c)(2) motion)). Thus, the 2015 denial of Griffin's first § 3582(c)(2) motion precludes this Court from granting the instant Motion, even if it did not lack merit for the reasons described above.

---

[1] As noted above, Griffin's offense level was dictated, not by the drug offense guideline § 2D1.1, but by the career offender guideline, § 4B1.1. Accordingly, the reductions of amendment 782 to the drug offense guideline, which were subsequently made retroactive, would not have affected or lowered Griffin's guideline range in any event. However, even if a two-level reduction had been applied to his range, offense level 32, criminal history category VI would have resulted in a guideline range of 210-262 months, still well above the sentence Griffin received from Judge Motz.

## **ORDER**

For the reasons stated in the Memorandum Opinion above, it is, this _16__th day of July, 2020, hereby **ORDERED** that Griffin's Motion to Modify Sentence Pursuant to 18 U.S.C. § 3582(c)(2), ECF 287, is **DENIED**.

_____/s/_____
Stephanie A. Gallagher
United States District Judge